United States Bankruptcy Court

Middle District of Pennsylvania

In re:  Case No. 21-00471-HWV
Joseph Andrew Valenzia  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1     User: AutoDocke     Page 1 of 2
Date Rcvd: Apr 22, 2021     Form ID: pdf002     Total Noticed: 23

The following symbols are used throughout this certificate:
**Symbol   Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++     Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 24, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Joseph Andrew Valenzia, 4115 York Road, New Oxford, PA 17350-9116 |
| 5394776 | ++ | BANK OF AMERICA, PO BOX 982238, EL PASO TX 79998-2238 address filed with court:, Bank of America, Attn: Bankruptcy, Po Box 982234, El Paso, TX 79998 |
| 5396175 | + | Bank of America, N.A., P O Box 982284, El Paso, TX 79998-2284 |
| 5394777 | + | Bureau of Account Managment, 3607 Rosemont Ave Ste 502, Po Box 8875, Camp Hill, PA 17001-8875 |
| 5394779 | + | Computer Credit, Inc., PO Box 5238, Winston Salem, NC 27113-5238 |
| 5394783 | ++ | MET ED FIRST ENERGY, 101 CRAWFORD CORNER RD, BLDG 1 SUITE 1-511, HOLMDEL NJ 07733-1976 address filed with court:, Met Ed, PO Box 16001, Reading, PA 19612-6001 |
| 5394782 | | Met Ed, 76 S Main Street, A-RPC, Akron, OH 44308-1890 |
| 5394787 | + | Select Portfolio Servicing, PO Box 65250, Salt Lake City, UT 84165-0250 |
| 5399743 | | U.S. Bank National Association as trustee, c/o Select Portfolio Servicing, Inc., P.O. Box 65250, Salt Lake City UT 84165-0250 |
| 5394790 | | UPMC Pinnacle, PO Box 2353, Harrisburg, PA 17105-2353 |
| 5394791 | + | USAA Federal Savings Bank, Attn: Bankruptcy, 10750 Mcdermott Freeway, San Antonio, TX 78288-1600 |

TOTAL: 11

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5394778 | | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Apr 22 2021 19:06:00 | Comenitycapital/bjsclb, Attn: Bankruptcy, Po Box 18125, Columbus, OH 43218 |
| 5394780 | + | Email/Text: bankruptcy_notifications@ccsusa.com | Apr 22 2021 19:06:00 | Credit Collection Services, 725 Canton Streeet, Norwood, MA 02062-2679 |
| 5394781 | + | Email/PDF: creditonebknotifications@resurgent.com | Apr 22 2021 19:04:29 | Credit One Bank, Attn: Bankruptcy Department, Po Box 98873, Las Vegas, NV 89193-8873 |
| 5394774 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Apr 22 2021 19:06:00 | Internal Revenue Service, POB 7346, Philadelphia, PA 19101-7346 |
| 5394784 | + | Email/PDF: cbp@onemainfinancial.com | Apr 22 2021 19:04:27 | OneMain Financial, Attn: Bankruptcy, Po Box 3251, Evansville, IN 47731-3251 |
| 5394775 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Apr 22 2021 19:06:00 | PA Dept of Revenue, Attn: Bankruptcy Division, Dept 280946, Harrisburg, PA 17128-0946 |
| 5394785 | | Email/Text: Bankruptcy.Notices@pnc.com | Apr 22 2021 19:06:00 | PNC Bank, Attn: Bankruptcy, Po Box 94982: Mailstop Br-Yb58-01-5, Cleveland, OH 44101 |
| 5394786 | | Email/Text: Bankruptcy.Notices@pnc.com | Apr 22 2021 19:06:00 | PNC Mortgage, Attn: Bankruptcy, Po Box 8819, Dayton, OH 45401 |
| 5394788 | + | Email/Text: bankruptcy@towerfcu.org | Apr 22 2021 19:06:00 | Tower Federal C U, 7901 Sandy Spring Rd, Laurel, MD 20707-3589 |
| 5394789 | + | Email/Text: bankruptcy@towerfcu.org | Apr 22 2021 19:06:00 | Tower Federal CU, Attn: Bankruptcy, Po Box 123, Annapolis Junction, MD 20701-0123 |
| 5400328 | + | Email/Text: bankruptcy@towerfcu.org | Apr 22 2021 19:06:00 | Tower Federal Credit Union, 7901 Sandy Spring Road, Laurel, MD 20707-3589 |

| | | | | |
| --- | --- | --- | --- | --- |
| 5394792 | + | Email/Text: kcm@yatb.com | Apr 22 2021 19:06:00 | York Adams Tax Bureau, Post Office Box 15627, York, PA 17405-0156 |

TOTAL: 12

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 24, 2021                Signature:        /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 22, 2021 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Charles J DeHart, III (Trustee) | TWecf@pamd13trustee.com |
| Gary J Imblum | on behalf of Debtor 1 Joseph Andrew Valenzia gary.imblum@imblumlaw.com gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;bernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com;imblumgr82281@notify.bestcase.com |
| Rebecca Ann Solarz | on behalf of Creditor U.S. Bank National Association as trustee for GSMPS Mortgage Loan Trust 2006-RP2 Mortgage Pass-Through Certificates Series 2006-RP2 bkgroup@kmllawgroup.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

Rev. 12/01/19

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
Joseph Andrew Valenzia

CHAPTER 13
CASE NO. 1-21-_____

☑ ORIGINAL PLAN
☐ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☑ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

1. The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. ☑ Included ☐ Not Included

2. The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. ☑ Included ☐ Not Included

3. The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. ☐ Included ☑ Not Included

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $52,250.00, plus other payments and property stated in § 1B below:

   | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | 04/2021 | 10/2025 | $950.00 | $0.00 | $950.00 | $52,250.00 |
   | 11/2025 | 03/2026 | $0.00 | $0.00 | $0.00 | $0.00 |
   | | | | | Total Payments: | $52,250.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is **$0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

_____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

_____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

☑ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| Tower Federal CU | Attn: Bankruptcy; Po Box 123; Annapolis Junction, MD 20701 | 6011 | $206.00 |
| OneMain Financial | Attn: Bankruptcy; Po Box 3251; Evansville, IN 47731 | 1002 | $78.00 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PNC Mortgage | 4115 York Road New Oxford, PA 17350 Adams County | 8887 |
| Select Portfolio Servicing | 4115 York Road New Oxford, PA 17350 Adams County | 4451 |

C. <u>**Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**</u>. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PNC Mortgage | 4115 York Road New Oxford, PA 17350 Adams County | $5,616.92 *See 9, below | $0.00 | $5,616.92 *See 9, below |
| Select Portfolio Servicing | 4115 York Road New Oxford, PA 17350 Adams County | $5,563.89 *See 9, below | $0.00 | $5,563.89 *See 9, below |

D. <u>**Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**</u>

☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |

E. <u>**Secured claims for which a § 506 valuation is applicable.**</u> *Check one.*

☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

☑ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

3

Rev. 12/01/19

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Tower Federal CU | 2016 Dodge Ram 1500 Stated Value as per Kelley Blue Book and NADA, averaged | $18,551.00 | 4.25% | $ 20,583.91 | Plan |
| OneMain Financial | 2010 Dodge Ram 1500 | $7,013.00 *See 9, below | 4.25% | $7,781.53 | Plan |

    **F.**    **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

    **G.**    **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.**    **PRIORITY CLAIMS.**

    **A.**    **Administrative Claims**

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's fees.</u> Complete only one of the following options:

            a.    In addition to the retainer of $ **0.00** already paid by the Debtor, the amount of $ **0.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

            b.    $ **\*See 9, below** per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

        3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
           *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    **B.**    **Priority Claims (including, certain Domestic Support Obligations)**

☑ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    **C.**    **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.**    **UNSECURED CLAIMS**

    **A.**    **Claims of Unsecured Nonpriority Creditors Specially Classified.**
        *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    **B.**    **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

4

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Case 1:21-bk-00471-HWV    Doc 17    Filed 04/24/21    Entered 04/25/21 00:30:22    Desc
Imaged Certificate of Notice    Page 6 of 8

5.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6.  **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ☐ plan confirmation.
    ☐ entry of discharge.
    ☑ closing of case.

7.  **DISCHARGE: (Check one)**

    ☑ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8.  **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Priority claims, pro rata.
Level 5:   Secured claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   Timely filed general unsecured claims.
Level 8:   Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

**ADDENDUM TO CHAPTER 13 PLAN**

1A. If one of the Debtors is not employed at the time of the filing of the Plan, but has the ability to work, Debtors will notify counsel when he (or she) returns to work, and any necessary adjustments to the Plan will be made at that time.

2(C) & 2(D). Said amounts are estimated. Debtor will pay the amount as stated in the Proof of Claim unless an objection is filed to the claim, in which case debtor will pay the amount determined by the Court or as agreed to by the parties. Debtor waives the right to object to these claims after the Plan is confirmed.

2(E). Amounts stated are estimated. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties.

2F. The collateral being surrendered is being surrendered in full satisfaction of debt.

3B. IRS, PA Department of Revenue and local tax claims - The priority and/or secured portion of a timely filed allowed Proof of Claim relating to tax claims referenced shall be paid in full through the Plan. If an objection is filed to any such claim, the amount of the unsecured priority and secured claim determined by the Court or through agreement of the parties shall be paid in full through the Plan.

Debtor may in the future provide for payment of post petition federal, state and/or local tax claims to the detriment of non priority unsecured claims.

3A(2). Attorney fees. Debtor's counsel will bill attorney's time at $295.00 per hour associates time at $235.00 per hour and paralegal time at $135.00 per hour. Said hourly fees are subject to change upon reasonable notice to Debtor(s). Debtor's counsel will submit a Fee Application to the Court for approval of fees. Only those fees and costs approved by the Court shall be paid by the Trustee to counsel.

In addition to fees, Debtors will be responsible for expenses, including photo copying, travel (where applicable), postage, court costs, filing fees, and similar expenses which are incurred by counsel in the course of performing services to the Debtors.

Dated: 3/11/2021

Gary J. Imblum
Attorney for Debtor

Joseph Andrew Valenzia
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.